PRENDERGAST v. MASTERSON.
(No. 1747.)

(Court of Civil Appeals of Texas. Texarkana. May 11, 1917. Rehearing Denied May 31, 1917.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬦176— RIGHT OF TEACHER TO INFLICT CORPORAL PUNISHMENT—STATUTE.
 Under Pen. Code 1911, art. 1014, providing that violence to the person does not amount to an assault or battery when employed in the exercise of the right of moderate restraint or correction given by law to the teacher over the scholar, a teacher may lawfully inflict on a pupil who has violated the rules and regulations of his school corporal punishment by chastising him in a moderate and humane manner.
 [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 345, 347.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬦176— RIGHT OF "TEACHER" TO INFLICT CORPORAL PUNISHMENT—STATUTE.
 The superintendent of schools of the city of Marshall, incorporated by Sp. Acts 31st Leg. c. 6, was not a "teacher," within Pen. Code 1911, art. 1014, providing that violence to the person does not amount to an assault or battery when employed in the exercise of the right of moderate restraint or correction given by law to the teacher over the scholar; the duty to maintain order and discipline in the schools devolved on the teachers, not on the superintendent, and the power to inflict corporal punishment on pupils was conferred on the teachers, not on the superintendent, a "teacher," within the statute, being one who for the time being is in loco parentis to the pupil, who, by reason of frequent and close association, has an opportunity to know the distinguishing traits of the pupil, and who can reasonably be expected to judge the pupil's conduct and measure punishment intelligently.
 [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 345, 347.
 For other definitions, see Words and Phrases, First and Second Series, Teacher.]

3. SCHOOLS AND SCHOOL DISTRICTS ⬦176— RIGHT OF TEACHER TO INFLICT CORPORAL PUNISHMENT.
 Where the superintendent of schools of a city was not authorized by the rules of the school board as superintendent to take control of the high school to the exclusion of the teachers therein, because he did so he had no right as a teacher to inflict corporal punishment on a pupil.
 [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 345, 347.]

4. SCHOOLS AND SCHOOL DISTRICTS ⬦176— RIGHT OF TEACHER TO INFLICT CORPORAL PUNISHMENT.
 If the superintendent of schools of a city was as such a public officer, he did not therefore have a right to chastise a pupil in the high school; such right not being conferred by law on any public officer as such.
 [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 345, 347.]

5. ASSAULT AND BATTERY ⬦10—DEFENSE— CUSTOM OF SCHOOL SUPERINTENDENT TO CHASTISE PUPILS.
 A custom for the superintendent of schools of a city to chastise pupils existed in violation, not only of well-established principles of the civil law, but of a provision of the Criminal Code denouncing as a crime the use of any unlawful violence upon another's person, and the custom was not a defense to the superintendent when sued for assault and battery by a pupil whom he chastised.
 [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 6–8.]

Appeal from Harrison County Court; Geo. L. Huffman, Judge.

Suit by George Prendergast, by next friend, against F. L. Masterson. From a judgment for defendant, plaintiff appeals. Reversed, and cause remanded for new trial.

This suit was by appellant, a minor, by his next friend, for damages, actual and exemplary, for an assault and battery which he alleged appellee made on him. Appellant was a pupil in the Marshall city schools, of which appellee was superintendent. The city of Marshall was incorporated by a special act of the Legislature approved February 12, 1909 (Special Laws 1909, p. 78). The city

was by the act (section 183) made a "separate and independent school district," its schools to be "under the management and control of a school board," which was authorized to—

"adopt such rules, regulations and by-laws as it may deem proper as to all matters pertaining to the powers and duties of said board, the officers thereof, and of the superintendent, principals, teachers, pupils and janitors and employés of said board and may adopt generally such rules as will subserve the efficient and perfect management of the said public free schools." Section 203.

There were six ward schools and one high school in the city. About 60 teachers were employed in the schools.

The appeal is from a judgment in appellee's favor.

F. H. Prendergast, of Marshall, for appellant. S. P. Jones, of Marshall, and T. P. Harte, of Douglas, Ariz., for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The cause was tried in the court below on the theory that it was lawful for appellee, as superintendent of the Marshall city schools, if it reasonably appeared to him that appellant had violated the rules and regulations of those schools, to administer corporal punishment to appellant by chastising him in a moderate and humane manner. Whether the theory was a correct one or not is the question to be determined. It was not incorrect, and the trial court did not misinterpret the law, if the superintendent of such schools was a "teacher" therein within the meaning of the law; for, to enforce a compliance with the reasonable rules of such schools, a teacher may lawfully inflict such punishment on a pupil. Penal Code, art. 1014; 1 Black. Com. 453; 35 Cyc. 1137, 1139; 5 C. J. 641; 2 R. C. L. 540.

[2] Was appellee a "teacher" within the meaning of the rule authorizing a teacher to chastise his pupil? We think not. A teacher is one who teaches. Appellee did not do that, and, as we understand the record, does not pretend that he did, or was authorized to, in the Marshall city schools.

His contention is that he had taken active charge of the high school, in which appellant was a pupil, and had active control thereof at the time he assaulted appellant, and that therefore he and appellant then occupied toward each other the relationship of teacher and pupil. He further contends, if they did not occupy that relationship, that he was a public officer charged with the duty to maintain order in the high school, and therefore that it was not unlawful for him to assault appellant as he did. And he further contends, if he was not entitled to defend against appellant's suit on either of those grounds, it was because of a custom which recognized a right in a superintendent of such schools to chastise pupils therein.

[3-5] It is, we think, a sufficient answer to these contentions to say: (1) That there was nothing in the rules of the school board which authorized appellee as superintendent to take control of the high school to the exclusion of the teachers therein. (2) If, as superintendent, appellee was a public officer, he did not therefore have a right to chastise appellant. Such a right is not conferred by law on any public officer as such. (3) If it was a custom for superintendents of such schools to chastise pupils therein, the custom existed in violation not only of well-established principles of the civil law, but in violation of a provision in the Criminal Code denouncing as a crime the use of any unlawful violence upon the person of another.

It appears from the rules adopted by the school board that appellee had no direct control over the pupils of the schools, except that he was required to investigate complaints they made, and was authorized to transfer them from one school to another for purposes specified, and to suspend them, "subject to the action of the board." His control of the pupils was indirect—through the teachers. His business as superintendent, except as stated above, was with the teachers, not with the pupils. By the rules, the duty to maintain order and discipline in the schools was devolved upon the teachers, not on him, and the power to inflict corporal punishment on pupils was conferred upon the teachers, not on him.

For the reasons stated, we do not think appellee was a "teacher" within the meaning of the law that authorizes a teacher to chastise his pupil. The teacher the law has in mind, we think, is one who for the time being is in loco parentis to the pupil; who, by reason of his frequent and close association with the pupil, has an opportunity to know about the traits which distinguish him from other pupils; and who, therefore, can reasonably be expected to more intelligently judge the pupil's conduct than he otherwise could, and more justly measure the punishment he deserves, if any.

The judgment is reversed, and the cause is remanded for a new trial.

HODGES, J., not sitting.