David Franklin HOGENSON and wife,
Patsy Ruth Hogenson, Individually and
as next friend for Rory Melvin Hogen-
son, Appellants,

v.

Gary L. WILLIAMS, Appellee.

No. 8393.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 21, 1976.

Rehearing Denied Oct. 26, 1976.

Richard Harrison, Nall, Harrison & Nall, Sherman, for appellants.

J. Carlisle DeHay, Jr., Dallas, for appellee.

CORNELIUS, Justice.

Appellants brought suit to recover damages for an assault they alleged appellee committed upon Rory Melvin Hogenson. Appellee was Rory's football coach at Terrell Middle School in Denison, Texas. During a practice session of the 7th grade football team, appellee became displeased with Rory's performance of blocking assignments, and as a result started yelling at Rory, then struck the boy's helmet with force sufficient to cause him to stumble and fall to the ground, and then grabbed his face mask. Shortly thereafter Rory was admitted to the hospital complaining of weakness of his left hand, left forearm and elbow region and spasms of the left neck muscles. His condition was diagnosed as a severe cervical sprain and bruising of the brachial plexus. He was discharged from the hospital after eight days and completely recovered within several months. Appellee was twenty-eight years old, was 5'11" tall and weighed 195 pounds. Rory was twelve years of age and weighed 115 pounds. In response to special issues and instructions the jury found that appellee did not commit an assault upon Rory and that appellee's contact with Rory was done for instruction and encouragement without any intent to injure him. Based upon such answers, the trial court rendered judgment that appellants recover nothing.

The appeal first contends that the trial court erred in instructing the jury, in connection with Special Issue No. 1, that intent to injure is the gist of an assault. The issue and the instruction were as follows:

"SPECIAL ISSUE NO. 1.

Do you find from a preponderance of the evidence that at the time and on the occasion in question Gary L. Williams

committed an assault upon Rory Hogenson?

ANSWER 'WE DO' OR 'WE DO NOT'

ANSWER: We do not

In this connection you are instructed that a person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another; or intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative. An intent to injure is the gist of an assault."

■ An assault is an offense against the peace and dignity of the state, and the conduct constituting an assault is that which is described in the Penal Code. That conduct is also an invasion of private rights constituting a civil tort, but the definition of an assault is the same whether it is the subject of a criminal prosecution or a civil suit for damages. *Flanagan v. Womack & Perry,* 54 Tex. 45 (1880); *Texas Bus Lines v. Anderson,* 233 S.W.2d 961 (Tex.Civ.App. Galveston 1950, writ ref'd n. r. e.); *Ray v. Dyer,* 20 S.W.2d 328 (Tex.Civ.App. Amarillo 1929, writ dism'd); *Perkins Bros. Co. v. Anderson,* 155 S.W. 556 (Tex.Civ.App. Dallas 1913, writ ref'd). In the former Penal Code, an assault was defined as "the use of any unlawful violence upon the person of another *with intent to injure him.*" An intent to injure was the gist of the offense. See Art. 1139, V.A.P.C. (1925); *Louis v. Parchman,* 493 S.W.2d 310 (Tex.Civ.App. Fort Worth 1973, writ ref'd n. r. e.). But the new Penal Code, which was enacted prior to the event in question here, included additional types of conduct which now constitute assaults. It provides:

"Section 22.01. *Assault*

(a) A person commits an offense if he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens another with imminent bodily injury; or

(3) intentionally or knowingly causes physical contact with another when he knows. or should reasonably believe that the other will regard the contact as offensive or provocative.

". . ."

Although intent to injure is still included in the express description of the type of assault covered by subparagraph (1) so far as it condemns *intentionally causing bodily injury,* the same is not true with respect to *recklessly* causing bodily injury. Nor is the intent to cause bodily injury a requirement under subparagraph (3) of the statute. The offense condemned by that subparagraph is complete when the actor intentionally causes physical contact when he knows or should know that the victim will regard that contact as offensive or provocative. By instructing the jury, over appellants' objection, that "intent to injure is the gist of an assault," the trial court unduly restricted the type of conduct which could be considered as an assault, and in effect deprived appellants of the right, under their pleadings, to recover for other types of conduct condemned by the statute. The instruction was undoubtedly harmful to appellants because appellee's main defense was that he did not intend to injure the boy, and the instruction was calculated to lead the jury to believe that such a lack of intent would be a complete defense. The charge should have simply defined assault in the terms of Section 22.01. The first point of error is sustained.

■ Appellants also contend that the trial court erred in submitting, over their objections, Special Issue No. 2 and its accompanying instruction which read as follows:

"SPECIAL ISSUE NO. 2.

Do you find from a preponderance of the evidence that any contact, if there was, between Defendant Gary L. Williams and Plaintiff Rory Melvin Hogenson was done for instruction and encouragement and without any intent to injure or harm him?

ANSWER 'WE DO' OR 'WE DO NOT'

ANSWER: We do

You are further instructed that you may take into consideration a teacher of

a physical contact sport would not commit an assault where he makes physical contact with a student for the purpose of encouragement and instruction and without any intent to injure him. In determining whether or not there was such an intent, you may take into consideration the relative size and strength of the parties and the amount and degree of force and violence, if any, used. Any force or violence used under such circumstances other than that necessary for instruction and encouragement, taking into consideration the relative size and strength of the parties, would be an assault if the other conditions under the definitions thereof are present."

Appellee argues that the issue and instruction were proper under the general rule that school teachers have the right to discipline their pupils, and the use of reasonable force or physical contact to accomplish that purpose is privileged and does not constitute an assault. Although appellee testified that the physical contact he used was not for the purpose of disciplining the child, he stated it was administered for the purpose of "firing him up" or "instilling spirit in him." He thus contends that the phrase "for the purpose of instruction and encouragement," as used in the instruction and issue, properly applied the law to the facts of this case. We do not agree. The wording of the issue and the instruction gives an incorrect and incomplete statement of the law of privileged force. The phrase "for instruction and encouragement" comes close to expressing the legitimate purposes of privileged force, but it is neither entirely accurate nor complete, and in our opinion it is conducive to misunderstanding. Moreover, the instruction repeated the error of requiring that an intent to injure be present in order for the physical contact to constitute an assault.

Texas cases have long recognized the rule that public school teachers and others standing *in loco parentis* may use reasonable force to discipline their charges. *Balding v. State,* 23 Tex.App. 172, 4 S.W. 579 (1887); *Prendergast v. Masterson,* 196 S.W. 246 (Tex.Civ.App. Texarkana 1917, no writ); 51 Tex.Jur.2d, Schools, Sec. 251, p. 590. The former Penal Code defined that right as one of "moderate restraint or correction." See Article 1142, subparagraph (1), Penal Code of 1925. The present Code acknowledges that the right exists:

". . .

(1) if the actor is entrusted with the care, supervision, or administration of the person for a special purpose; and

(2) when and to the degree the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group." Section 9.62, V.T.C.A. Penal Code.

Both of those enactments are generally expressive of the common law majority rule. See Annot. 43 A.L.R.2d 469. The Restatement of Torts, Second Edition, in Sections 147, 150, 151 and 155, articulates the rule in somewhat more detail. It provides that:

(1) One standing *in loco parentis* is privileged to use reasonable force as he reasonably believes necessary for the child's proper control, training or education;

(2) In determining if the force is reasonable for those purposes the following factors are to be considered:

(a) The age, sex and condition of the child,

(b) The nature of his offense or conduct and his motives,

(c) The influence of his example upon other students,

(d) Whether the force was reasonably necessary to compel obedience to a proper command, and

(e) Whether the force was disproportionate to the offense, is unnecessarily degrading, or is likely to cause serious injury.

(3) Force applied for any purpose other than the proper training or education of the child or for the preservation of discipline, as judged by the above standards, is not privileged.

The Texas Statutes and the Restatement appear to be in harmony. The "special purpose" mentioned in Section 9.62 of the

**460**

Penal Code, in the case of a public school teacher, is that of controlling, training and educating the child. Those factors which the Restatement provides are to be considered in judging the reasonableness of the force have also been recognized by the Texas cases construing the former Article 1142. See *Stanfield v. State,* 43 Tex. 167 (1875); *Whitley v. State,* 33 Tex.Cr.R. 172, 25 S.W. 1072. Although the language found in the Restatement and the Texas cases suggests that it is *punishment* for wrongful or contumacious conduct that is primarily contemplated by the rule, a liberal construction of the Restatement language, as well as some decisions from other states,[1] indicate that reasonable force may also be applied to enforce compliance with *instructional* commands. Such a construction is consistent with the public policy of our state to give school teachers the necessary support to enable them to efficiently discharge their responsibilities. But we do not accept the proposition that a teacher may use physical violence against a child merely because the child is unable or fails to perform, either academically or athletically, at a desired level of ability, even though the teacher considers such violence to be "instruction and encouragement." In our opinion, the proper construction of the rule of privileged force as expressed by the above statutes and authorities, and as the rule is applied in a civil assault case against a school teacher, is that any force used must be that which the teacher *reasonably* believes necessary (1) to enforce compliance with a *proper* command issued for the purpose of controlling, training or educating the child, or (2) to punish the child for prohibited conduct; and in either case, the force or physical contact must be reasonable and not disproportionate to the activity or the offense. In the event of a retrial, defensive issues based upon privileged force should be accompanied with instructions clearly enunciating these principles.

In points of error three, four and five appellants complain of the failure of the trial court to submit their requested definitions of the words "intentionally," "knowingly" and "recklessly" which were all used in the charge. The requested definitions were exactly the same as those contained in Section 6.03 of the Penal Code.

A term used in the court's charge should be defined when the term is a legal expression having a meaning unknown to laymen, is a common term employed in the charge in a peculiar legal sense, or is used under circumstances which might confuse or mislead the jury unless explained. 3 McDonald's, Texas Civil Practice, Sec. 12.14.3, p. 324. As previously noted, the basis of a tortious civil assault is the conduct defined in the Penal Code. As that Code also ascribes definite legal meanings to the terms "intentionally," "knowingly" and "recklessly," those meanings should have been given to the jury in the court's charge.

By reason of our disposition of points of error one through five, appellants' remaining points become inapplicable and are therefore overruled.

For the errors noted, the judgment of the trial court is reversed and the cause is remanded for a new trial.

---

1. See *Melen v. McLaughlin,* 107 Vt. 111, 176 A. 297; *Gordon v. Oak Park School District No. 97,* 24 Ill.App.3d 131, 320 N.E.2d 389; *Johnson v. Horace Mann Mutual Insurance Company,* La.App., 241 So.2d 588; Annot. 43 A.L.R.2d 469.