Walter Loyd **BEESON**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–86–130–CR.

Court of Appeals of Texas,
Fort Worth.

April 29, 1987.

Merkle & Cannedy, Marty Cannedy, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., and Rick L. Mahler, Asst. Dist. Atty., Wichita Falls, for the State.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

Appellant, Walter Loyd Beeson, was convicted by a jury for the offense of aggravated robbery. *See* TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). The jury assessed punishment at thirty years in the Texas Department of Corrections.

We affirm.

Appellant was convicted of robbing a 7–Eleven store in Wichita Falls. According to the testimony of the two store clerks on duty, appellant held a straight razor approximately one and one-half feet from the neck of one of the clerks in a threatening manner and demanded all of the money in the cash register. Appellant has not challenged the sufficiency of the evidence upon which his conviction is based. His three points of error in this appeal relate only to the court's charge.

In his first point of error, appellant complains of that portion of the charge which states:

A person commits the offense of robbery if in the course of committing theft as hereinafter defined and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Appellant's complaint refers to the court's failure to define "intentionally" and "knowingly" in the charge. Since both words have legal statutory definitions which are different from the ordinary laymen's use of the words, appellant alleges that the failure of the court to define these terms permitted the jury to insert their own definition, allowing appellant to be convicted on proof that is different or less than required with respect to these elements of the culpable mental state. In his brief, appellant admits that he made no objection at the time of trial as to the omissions of any definitions from the court's charge.

Because the terms "intentionally" and "knowingly" are elements of the offense, *see* TEX.PENAL CODE ANN. sec. 6.02(a) (Vernon 1974), and because the terms are specifically defined by statute, *see* TEX.PENAL CODE ANN. sec. 6.03(a) & (b) (Vernon 1974), the trial court should have included the definitions in the charge. Inasmuch as appellant did not object at trial to these omissions in the court's charge, we must decide whether the alleged error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, "egregious harm". *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g); TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

Although "intentionally" and "knowingly" are both specifically defined by statute, neither is a complex or unusual term, and the legal definition is not so different from the common meaning of the word as to confuse the jurors. *See Mosley v. State,* 686 S.W.2d 180, 182 n. 2 (Tex.Crim.App. 1985). Nevertheless, during voir dire, counsel for the State read the statutory definitions of "intentionally" and "knowingly" to the jury panel, thereby informing them of the words' legal meaning as follows:

COUNSEL FOR STATE:

A person acts intentionally or with intent with respect to the nature of his conduct or to the result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Okay, knowingly, a person acts knowingly, or with knowledge, with respect to the nature of his conduct or circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly or with knowledge with respect to his conduct when he is aware that his conduct is reasonably certain to cause the result.

Finally, after hearing the testimony of the store clerks to the effect that appellant held a straight razor approximately a foot and a half from the neck of one of the clerks while demanding money from the cash register, the jury could not have been confused over whether appellant acted intentionally or knowingly during the robbery.

Both the *Chance v. State,* 563 S.W.2d 812 (Tex.Crim.App.1978) and the *Hogenson v. Williams,* 542 S.W.2d 456 (Tex.Civ.App. —Texarkana 1976, no writ) cases cited by appellant in support of his position that these words must be defined in the court's charge, can be distinguished from the present case. The *Chance* court held that the *indictment* was fundamentally defective in that it failed to allege an essential element of the offense of aggravated promotion of prostitution, the culpable mental state of "knowing". *Chance,* 563 S.W.2d at 813. In the present case, the culpable mental state "knowingly" is properly included in the indictment and in the court's charge. *Hogenson* was a civil case of assault and the court of appeals held that the definite legal meanings of " 'intentionally,' 'knowingly,' and 'recklessly' ... *should* have been given to the jury in the court's charge." *Hogenson,* 542 S.W.2d at 460 (emphasis added). The court did not state that the omission of these definitions was fundamental error or that the appellant suffered egregious harm.

In his brief, appellant does not state how he was harmed by the omission of these definitions from the court's charge, and we cannot determine any way in which he suffered egregious harm. In light of the record in this case we find that appellant did not suffer egregious harm by the trial court's failure to include the statutory definition of "intentionally" and "knowingly" in the jury charge. *See Arline v. State,* 721 S.W.2d 348, 353 (Tex.Crim.App.1986) (no harm by the trial court's failure to include statutory definition of "reasonable belief" in jury charge); *Mosley,* 686 S.W.2d at 182 (no harm by the trial court's omission of the definition of "bodily injury" in the jury charge). Point of error number one is overruled.

■ In his second point of error, appellant complains of that portion of the charge on punishment which instructs the jury as follows:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not be eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, *with* consideration of any good conduct time he may earn. [Emphasis added.]

Under TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a) (Vernon Supp.1987), the correct charge for the offense of aggravated robbery should have read *"without* consideration of any good conduct time" (emphasis added). Appellant asserts that charging the jury that appellant would be eligible for parole after one-third of the sentence imposed has been completed, with

consideration of any good conduct time he may earn, misled the jury into believing that appellant would be able to acquire good time and serve less than the actual one-third of his sentence. Again, although appellant did not object to the charge at trial, he contends that this error created egregious harm and was therefore fundamental, requiring reversal under *Almanza.*

Appellant bases his argument on the implication that the jury considered the way good conduct time may be awarded to or forfeited by appellant in arriving at their verdict, completely disregarding another portion of the jury's charge which states:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

In *Patton v. State,* 717 S.W.2d 772 (Tex. App.—Fort Worth 1986, pet. pending) this court upheld the constitutionality of TEX. CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a) (the parole law instructions) under the separation of powers doctrine and stated that:

> Further to conclude that jurors are likely to disregard the court's instruction not to consider the award or forfeiture of good conduct time nor how "the parole law *may be* applied to this particular defendant," would, in our opinion, be an indictment against the integrity of individual jurors and the jury system itself. We refuse to become a party to any such indictment.
>
> Should it be shown that a juror disregarded the court's instructions and such disregard resulted in harm to a particular defendant, such showing

would likely constitute jury misconduct calling for a new trial.

*Id.* at 781 (emphasis in original).

Although the wording in the court's charge was in error, appellant points to no evidence, nor can we find any, to support his claim that the jurors disregarded the court's instruction not to consider the extent to which good conduct time may be awarded to or forfeited by appellant when they arrived at their verdict on punishment. The jury was informed during the punishment phase that appellant had three prior felony convictions. Nevertheless, a punishment of thirty years confinement in the Texas Department of Corrections, plus a $10,000.00 fine, was assessed, when the range of punishment for an offense of aggravated robbery was five years to ninety-nine years imprisonment. As such, we hold that appellant suffered no egregious harm and overrule his second point of error.

Appellant complains in his third point of error that the trial court erred in instructing the jury on the parole laws as provided by TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4 (Vernon Supp.1987). Appellant asserts that such instruction is unconstitutional in violation of the separation of powers doctrine. TEX. CONST. art. II, sec. 1. We reaffirm our earlier decision holding article 37.07 constitutional under the separation of powers doctrine. *Patton,* 717 S.W.2d at 772. Appellant's third point of error is overruled.

Judgment affirmed.