Walter Loyd **BEESON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 618–87.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

Marty Cannedy, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty. and Rick L. Mahler, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of aggravated robbery. V.T.C.A. Penal Code § 29.03. The jury assessed a punishment of imprisonment for thirty years in the Texas Department of Corrections. The Fort Worth Court of Appeals affirmed appellant's conviction in a published opinion. *Beeson v. State*, 728 S.W.2d 950 (Tex.App. —Fort Worth 1987). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the trial court properly instructed the jury on the parole law. See Art. 37.07, § 4(a), V.A.C.C.P. We hold that the Court of Appeals did err and reverse this cause and remand it for a harmless error analysis pursuant to our opinion in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1988) (on Court's own motion for rehearing) and Tex.R.App.Pro. 81(b)(2).

Appellant argues that Art. 37.07, § 4(a), supra, violates the separation of powers doctrine of Art. II, § 1 of the Texas Consti-

tution. In *Rose*, supra, we held, inter alia, that this statute violated the separation of powers doctrine. We also held that if an instruction was given under Art. 37.07, § 4(a), supra, a harmless error analysis must be conducted pursuant to Tex.R.App. Pro. 81(b)(2) to determine whether a reversal of the trial court judgment is necessary.

Therefore, the judgment of the Court of Appeals is reversed. This cause is remanded to the Court of Appeals for a harm analysis consistent with this opinion.