David BURTON, Appellant,

v.

W.N. KIRBY, in his Official Capacity
as State Commissioner of Education,
et al., Appellees.

No. 3–88–156–CV.

Court of Appeals of Texas,
Austin.

Aug. 9, 1989.

Jefferson K. Brim, III, Brim & Arnett, Austin, for appellant.

Jim Mattox, Atty. Gen., Anne E. Swenson, Asst. Atty. Gen., Austin, for W.N. Kirby, in his Official Capacity as State Com'r of Educ.

Judy Underwood, Hairston, Walsh & Anderson, P.C., Austin, for Ballinger Independent School Dist.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a judgment of a Travis County district court affirming a decision of appellee W.N. Kirby, in his official capacity as State Commissioner of Education (Commissioner). The Commissioner's decision denied appellant David Burton's appeal from a decision of appellee, Board of Trustees of Ballinger Independent School District (school district), which terminated his employment as an elementary school teacher. We will affirm the trial court judgment.

The school district employed appellant as an elementary school physical education teacher. On February 18, 1986, appellant administered corporal punishment to two fourth-grade boys who were disrupting his class. The boys' homeroom teacher, Martha Palmer, served as a witness.

The next day, the children's parents complained to the elementary school principal, Bob Campbell, who in turn contacted the school district superintendent, Doug Cox. The superintendent met with the parents and with Palmer, witnessed bruises on the children, and received photographs of the children's bruises. The superintendent and principal determined that appellant had used excessive force resulting in bodily harm to the children.

The school district notified appellant of the proposed termination of his employment. Appellant requested and received a public hearing before the school district's board of trustees, at which appellant was represented by counsel and presented evidence. The board voted to terminate appellant's contract.

Appellant requested a hearing before the Commissioner to appeal his termination by the school board. At the hearing, Palmer testified that she believed appellant paddled the children too hard, that he brought his arm back over his shoulder in administering the "licks" with a wooden paddle, and that the children screamed and cried loudly. Palmer testified that she had administered corporal punishment herself and had witnessed twenty to twenty-five other instances of corporal punishment in her teaching career, but could recall only one other instance where the paddler used excessive force. The superintendent and principal also testified at the hearing.

The Commissioner made the following findings of fact:

1. It is undisputed that [appellant] administered corporal punishment to two fourth grade students. The punishment was witnessed by a teacher.

2. Child No. 1 sustained bruises as a result of the punishment. [Appellant] "[took] credit for these."

3. There is insufficient evidence to support the allegation that [appellant] caused Child No. 2's bruises.

4. [Appellant] struck both children with equal force.

5. [Appellant] swung his arm far back over his shoulder when he administered the paddling on each child.

6. When struck by [appellant], the children cried hard and screamed.

7. [Appellant] was not visibly angry or upset at the time the punishment was administered.

8. [Appellant] followed proper procedures in administering the punishment.

9. In December of 1979, the Board of Trustees determined that [appellant] had used excessive force in administering corporal punishment and prohibited [appellant] from using corporal punishment as a means of discipline. In 1984, [appellant] was again allowed to use corporal punishment.

The Commissioner affirmed the board's decision, concluding that appellant had used excessive force in punishing both students, that appellant had repeatedly failed to follow official school district directives, and that his appeal should be denied.

Appellant brought suit in Travis County district court pursuant to the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Supp.1989) (APTRA). The district court is permitted, under Tex.Educ.Code Ann. § 11.13 (Supp.1989) and Tex.Rev.Civ.Stat. Ann. 6252–13a, § 19(e) (Supp.1989), to review the Commissioner's order under the substantial evidence test. *Charter Medical–Dallas, Inc. v. Texas Health Facilities Commission,* 656 S.W.2d 928, 936 (Tex. App.1983), *rev'd on other grounds,* 665 S.W.2d 446 (Tex.1984). The trial court affirmed the Commissioner's decision and appellant brought this appeal.

■ In his first point of error, appellant complains the trial court erred in affirming the Commissioner's decision because the school district acted arbitrarily and capriciously in terminating him for using excessive force in corporal punishment when he had followed the school district's written policy in administering the punishment.

The school district policy provides:

Corporal punishment shall be reasonable and moderate and may not be administered maliciously or for the purpose of revenge. Such factors as the size, age and condition of the student, the type of instrument to be used, the amount of force to be used, and the part of the body

to be struck shall be considered before administering any corporal punishment. The policy also provides a series of procedural guidelines, such as the requiring a witness and designating a location in the school for administering punishment, which the Commissioner found appellant followed. The policy also states:

Corporal punishment shall be administered in a reasonable manner, with "reasonableness" to be determined on the basis of factors such as the size, age, and the physical, mental, and emotional condition of the student.

The Commissioner found, and the trial court affirmed, that appellant did not administer punishment in a reasonable manner and thereby violated the school district's corporal punishment policy. The finding that appellant followed *other* procedural guidelines in the school district's policy does not absolve him of the use of excessive force, nor render the Commissioner's decision arbitrary.

■ In the same point of error, appellant argues that the policy is too vague because appellant and other teachers are unable to determine whether they are using excessive force in administering punishment. The proper force to be used in disciplining students has long been defined as "reasonable." *Balding v. State,* 23 Tex.App. 172, 4 S.W. 579 (1887); *Hogenson v. Williams,* 542 S.W.2d 456 (Tex.Civ.App.1976, no writ). The school district's policy recognizes that the appropriate amount of force will vary with the size, age, and physical condition of the child and must be determined by the teacher. *See Hogenson,* 542 S.W.2d at 460. It is not unreasonable for a school district to require a teacher to exercise professional judgment as to the force with which to administer corporal punishment.[1] If a teacher is unable to determine the appropriate force to be used under the circumstances, the teacher may choose to administer another form of discipline. Appellant's first point of error is overruled.

---

1. Texas Educ.Code Ann. § 13.210 (1972) adopts the Code of Ethics and Standard Practices for Texas Educators, 19 Tex.Admin.Code § 177.1 (Sept. 15, 1988), which requires that teachers make reasonable effort to protect the health and safety of their students. A teacher whose negligence or use of excessive force in administering discipline results in bodily injury to students is not protected from civil liability. Tex.Educ. Code Ann. § 21.912 (Supp.1989).

■ In his second point of error, appellant complains that there was not substantial evidence to support the Commissioner's finding that appellant had repeatedly failed to follow official directives. Appellant argues that the first alleged failure occurred in 1979, seven years before the second incident that is the subject of this appeal, and is therefore too remote in time to be relevant and to support the Commissioner's finding. Appellant's brief contains one sentence of argument (essentially a restatement of his point) and no authority to support his point of error. Without argument or authority, the point of error is waived. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983).

■ Even if appellant's point was properly before us, it is without merit. In finding of fact nine, the Commissioner found:

In December of 1979, the Board of Trustees determined that [appellant] had used excessive force in administering corporal punishment and prohibited [appellant] from using corporal punishment as a means of discipline. In 1984, [appellant] was again allowed to use corporal punishment.

Appellant admitted that the school district had received complaints about excessive force in his administration of corporal punishment in two prior instances and that the district had forbidden him to administer corporal punishment for five years. Witnesses testified that complaints arose in 1979 after appellant disciplined two students, one of whom was deaf, with what the board found was excessive force.

■ In his decision, the Commissioner stated that "the evidence concerning the spanking of a certain handicapped child was inconclusive as to the issue of whether excessive force was used [and] [t]he incident was remote in time," but did not make such a finding as to the other child's punishment. The Commissioner noted that the prior removal of appellant's corporal punishment "privileges" based on past use of excessive force is probative, though it cannot be offered to prove that appellant used excessive force in this case. We agree.

The testimony of the witnesses and of appellant provided substantial evidence that appellant had repeatedly failed to follow the school district's policies. Appellant's second point of error is overruled.

■ In his third point of error, appellant complains that the trial court erred in affirming the Commissioner's decision to uphold appellant's termination based on repeated failure to follow official directives because the school district restored appellant's authority to administer corporal punishment in 1984. Appellant argues that the reinstatement of his paddling "privileges" somehow waives the district's ability to rely on the 1979 incidents. Again, appellant waives his point by failing to support it with argument or authority. *Trenholm,* 646 S.W.2d at 934.

■ Even if the point were properly before us, we disagree with appellant's argument. The fact that the district, at appellant's urging, was willing to restore his authority to administer corporal punishment does not waive the district's right to present evidence of the prior incidents. Further, appellant never objected to testimony regarding the 1979 incidents and offered his own testimony as well. Even if the admission of such evidence had been error, appellant waived the error. Appellant's third point of error is overruled.

In his fourth point of error, appellant complains that the trial court erred in failing to award him damages, costs of court, and attorney's fees. Appellant states that he brings the point of error to preserve his right to recover damages, "should this Court grant his appeal." Because we will affirm the judgment of the district court, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.