

June 14, 2004

Ms. Shirley Neeley, Ed. D.
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-9734

Opinion No. GA-0202

Re: Whether, under section 22.0512 of the Education Code, a school district may bring a disciplinary proceeding against a professional employee of the district for violating the district's corporal punishment policy, although the employee's use of force was justified under section 9.62 of the Penal Code (RQ-0150-GA)

Dear Commissioner Neeley:

Your agency, the Texas Education Agency (TEA), asks whether, under section 22.0512 of the Education Code, a school district may bring a disciplinary proceeding against a professional employee of the district for violating the district's corporal punishment policy, although the employee's use of force was justified under section 9.62 of the Penal Code.[1] *See* TEX. EDUC. CODE ANN. § 22.0512 (Vernon Supp. 2004); TEX. PEN. CODE ANN. § 9.62 (Vernon 2003).

Section 22.0512 of the Education Code, adopted in 2003, *see* Act of May 29, 2003, 78th Leg., R.S., ch. 1197, § 1, 2003 Tex. Gen. Laws 3404, 3405, purports to immunize a school district's professional employee from disciplinary proceedings for the employee's use of physical force against a student in certain circumstances:

> (a) A professional employee of a school district may not be subject to disciplinary proceedings for the employee's use of physical force against a student to the extent justified under Section 9.62, Penal Code.

> (b) In this section, "disciplinary proceeding" means:

> > (1) an action brought by the school district employing a professional employee of a school district to discharge or suspend the employee or terminate or not renew the employee's term contract; or

---

[1] Letter from Robert Scott, Chief Deputy Commissioner, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General (Nov. 24, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(2)    an action brought by the State Board for Educator Certification to enforce the educator's code of ethics adopted under Section 21.041(b)(8).

(c) This section does not prohibit a school district from:

(1)  enforcing a policy relating to corporal punishment; or

(2)  notwithstanding Subsection (a), bringing a disciplinary proceeding against a professional employee of the district who violates the district policy relating to corporal punishment.

TEX. EDUC. CODE ANN. § 22.0512 (Vernon Supp. 2004).

The TEA explains that section 22.0512(a) seems to give a teacher the freedom to exercise his or her own judgment in the classroom with respect to the use of corporal punishment, "so long as the corporal punishment does not violate" section 9.62 of the Penal Code. Request Letter, *supra* note 1, at 2. On the other hand, subsection (c) "seems to take this freedom back by expressly permitting" a district to enforce its corporal punishment policy against a teacher "'notwithstanding' subsection (a)." *Id.* (quoting TEX. EDUC. CODE ANN. § 22.0512(c) (Vernon Supp. 2004)). The TEA therefore inquires as to the correct interpretation of section 22.0512. *See id.* at 1.

Citing a school board's "exclusive power and duty to govern and oversee the management of" the district's public schools, TEX. EDUC. CODE ANN. § 11.151(b) (Vernon Supp. 2004), a brief we have received indicates that at least fifty school districts in Texas have adopted policies that "completely prohibit[] the use of corporal punishment."[2] *See, e.g.*, Tex. Att'y Gen. Op. No. JC-0491 (2002) at 1-2 (quoting the Arlington Independent School District's policy, which prohibits corporal punishment and regulates other uses of physical restraint). In addition, according to the brief, at least 293 school districts permit "specified corporal punishment" with parental consent. TASB LAF Brief, *supra* note 2, at 2.

A school board generally has "not only the obligation but also a right or privilege to control and discipline" its students, stemming from the fact that the district acts *in loco parentis*. *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 659 (Tex. App.–Amarillo 2000, no pet.); *see* Tex. Att'y Gen. Op. No. JC-0491 (2002) at 2. In addition, a school board is expressly authorized to adopt rules to protect its students' safety and welfare. *See* TEX. EDUC. CODE ANN. § 37.102(a) (Vernon 1996).

We attempt to construe section 22.0512 so that the entire section has meaning, presuming that the legislature intended the entire statute to be effective. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998). We "never favor[]" a construction that would allow "one section of the same bill to cancel another." *Ex parte Holmes*, 754 S.W.2d 676, 682 (Tex. Crim. App. 1988).

---

[2]Letter from Cheryl T. Mehl, Schwartz & Eichelbaum, P.C., on behalf of the Texas Association of School Board's Legal Assistance Fund, to Honorable Greg Abbott, Texas Attorney General, at 2 (Jan. 27, 2004) (on file with the Opinion Committee) [hereinafter TASB LAF Brief].

In our view, the fact that subsection (a) refers to a professional employee's "use of physical force" while subsection (c) refers to a school district's "policy relating to corporal punishment" is significant. *See* TEX. EDUC. CODE ANN. § 22.0512(a), (c) (Vernon Supp. 2004). We presume that every word or phrase in a statute has been chosen for a particular purpose. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). *See generally Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (construing the terms "pending" and "in progress" in section 37.09(a)(1) of the Penal Code, which provides that a person tampers with evidence if, "knowing that an investigation . . . is pending or in progress," the person alters or destroys evidence; determining that the terms "pending" and "in progress" have different meanings).

Section 9.62 of the Penal Code, to which subsection (a) refers, provides that the use of nondeadly physical force against a person by an actor who "is entrusted with" the person's "care, supervision, or administration for a special purpose" is justified, but only "when and to the degree the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group." TEX. PEN. CODE ANN. § 9.62 (Vernon 2003). In the case of a public school teacher, the special purpose "is that of controlling, training, and educating" students. *Hogenson v. Williams*, 542 S.W.2d 456, 459-60 (Tex. Civ. App.–Texarkana 1976, no writ). Thus, section 9.62 permits a teacher to use reasonable force in two circumstances: "(1) to enforce compliance with a proper command issued for the purpose of controlling, training or educating the child, or (2) to punish the child for prohibited conduct." *Id.* at 460. Only the second permissible use of reasonable force relates to punishment; the first permissible use relates instead to enforcing a proper directive made to the child. *See id.*

Physical force used to control, train, or educate a child is distinct from physical force used to punish a child, which is essentially corporal punishment. A brief we have received describes the use of physical force to control, train, or educate a child—not to punish—as responding to a "'heat-of-the-moment' need" to stop a behavior or incident that is in the process of happening, as an immediate safety or control measure.[3] For example, a teacher "who places a hand on" a student's shoulder "to keep the student in line" may use physical force that is not intended to punish.[4] Similarly, a teacher may use physical force that is not punishment "to break up a student fight" or as an "act of self-defense." TSTA Brief, *supra* note 4, at 3. By contrast, the phrase "corporal punishment" in section 22.0512(c) refers only to the use of physical force for the purpose of punishing the student, as a consequence of inappropriate behavior. Although the phrase is not defined in the Education Code, nor in Texas judicial decisions, it is commonly understood to mean "the infliction of bodily pain as a penalty for disapproved behavior." *Daily v. Bd. of Educ.*, 588 N.W.2d 813, 821 (Neb. 1999); *see* 40 TEX. ADMIN. CODE §§ 746.105(21), 747.105(21) (2004) (Dep't of Protective & Regulatory Servs., What do certain words and terms mean when used in this chapter?) (defining the phrase "corporal punishment" as "[t]he infliction of physical pain on a child as a means of controlling behavior"); *Daniels v. Gordon*, 503 S.E.2d 72, 75 (Ga. Ct. App. 1998)

---

[3]Letter from Pamela Parker, Attorney, Association of Texas Professional Educators, to Honorable Greg Abbott, Texas Attorney General, at 2 (Jan. 27, 2004) (on file with the Opinion Committee).

[4]Letter from Kevin F. Lungwitz, General Counsel, Texas State Teachers Association, to Honorable Greg Abbott, Texas Attorney General, at 3 (Feb. 10, 2004) (on file with the Opinion Committee) [hereinafter TSTA Brief].

("'Corporal punishment plainly means physical, as opposed to pecuniary, punishment.'") (quoting *Simmons v. Vancouver Sch. Dist. No. 37*, 704 P.2d 648, 653 (Wash. Ct. App. 1985)); Ark. Att'y Gen. Op. No. 93-295, 1993 WL 482267, *1 (stating that corporal punishment means physical punishment); BLACK'S LAW DICTIONARY 1247 (7th ed. 1999) (defining the phrase to mean "[p]hysical punishment; punishment that is inflicted upon the body"); THE NEW OXFORD AMERICAN DICTIONARY 384 (defining the phrase to mean "physical punishment"). We construe words and phrases not defined by statute "according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). Whether a particular use of physical force is intended to be punitive is a question of fact. *See Daily*, 588 N.W.2d at 822.

Further, the legislative history of section 22.0512 suggests that the legislature did not intend to adopt a statute that conflicts with school districts' corporal punishment policies. Subsection (c)(2) was added in a Senate committee hearing. *See Hearings on Tex. S.B. 930 Before the Senate Educ. Comm.*, 78th Leg., R.S. (Apr. 1, 2003) (tape available at http://www.senate.state.tx.us/75r/senate /VidArchives/03.htm). Senator Shapiro, the bill's author, explained that the amendment "makes it clear that if a school district in the State of Texas already has a corporal punishment policy, [the] school district would not be prohibited from initiating a disciplinary proceeding for a violation of that . . . policy." *Id.* (statement of Sen. Shapiro).

We construe section 22.0512 to prohibit a school district from bringing a disciplinary proceeding against a professional employee for the use of physical force when, consistently with the first circumstance allowable under section 9.62 of the Penal Code, the employee "reasonably believes the force is necessary" "to enforce compliance with a proper command issued" to control, train, or educate the child. TEX. PEN. CODE ANN. § 9.62 (Vernon 2003); *Hogenson*, 542 S.W.2d at 460); *see* TEX. EDUC. CODE ANN. § 22.0512(a) (Vernon Supp. 2004). Moreover, section 22.0512 prohibits a school district from bringing a disciplinary proceeding against a professional employee for the use of physical force for punishment purposes if the school district has no corporal punishment policy or has a policy that is substantially similar to section 22.0512(a) and Penal Code section 9.62. *See* TEX. EDUC. CODE ANN. § 22.0512 (Vernon Supp. 2004). Concomitantly, we construe section 22.0512 to allow a school district to bring a disciplinary proceeding against a professional employee if the employee uses physical force to punish the child (corporal punishment) contrary to the school district's policy. *See id.* § 22.0512(c).

## S U M M A R Y

Section 22.0512 of the Education Code prohibits a school district from bringing a disciplinary proceeding against a professional employee for using physical force that the employee reasonably believes is necessary "to enforce compliance with a proper command issued to control, train, or educate the child." Section 22.0512 further prohibits a school district from bringing a disciplinary proceeding against a professional employee for using physical force for punishment purposes if the school district has no corporal punishment policy or its policy is substantially similar to section 22.0512(a) and section 9.62, Penal Code. Section 22.0512 concomitantly allows a school district to bring a disciplinary proceeding against a professional employee if the employee uses physical force to punish the child (corporal punishment) contrary to the school district's policy.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee