COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-08-414-CV

 

 

CARL GAVREL                                                                    APPELLANT

 

                                                   V.

 

MARK LIEBERMAN AND                                                        APPELLEES

GEORGE ONZO                                                                                   

 

                                              ------------

 

           FROM THE 141ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Carl Gavrel sued Appellees Mark
Lieberman and George Onzo, as well as Lauren Young, John Doe, Kathleen
Lieberman, and Spanish Gardens Condominium Association (SGCA), for injuries he
sustained during a SGCA meeting conducted at the Fort Worth Public Library.[2]  The trial court granted summary judgments for
Mark and Kathleen Lieberman and for SGCA. 
Gavrel=s
suit against Onzo was tried to a jury. 
The jury returned a verdict for Gavrel, finding Onzo negligent and
awarding Gavrel $288,800 in damages.  The
trial court granted Onzo=s
motion for judgment notwithstanding the verdict (JNOV), and Gavrel perfected
this appeal.  In two issues, Gavrel
complains that the trial court erred by granting Onzo=s motion for JNOV, by granting summary judgment
for Mark Lieberman, and by not granting Gavrel=s motion for new trial.  For the reasons set forth below, we will
affirm the trial court=s
judgment.

II.  Factual Background








Gavrel brought documents with him to the July
2005 condominium association meeting. 
Lauren Young snatched the documents from Gavrel and delivered them to
Mark Lieberman, who was presiding over the meeting.  As Gavrel retrieved his documents, Lieberman
pushed Gavrel from behind, and Onzo charged Gavrel, picked him up, slammed him
to the ground, and sat upon him.  As Onzo
sat on top of Gavrel, Gavrel felt his back snap.  Gavrel was injured and lay still on the
ground.  A video recorder set to tape the
meeting captured the escapade.[3]  Gavrel was taken by ambulance to John Peter
Smith Hospital (JPS).  He suffered back
and neck pain and, ultimately, underwent back surgery.[4]

III.  Judgment Notwithstanding the Verdict

In his first issue, Gavrel argues that the trial
court erred by granting Onzo=s motion for JNOV on the jury=s finding that Onzo=s negligence proximately caused Gavrel=s fall.

 








A.  Standard of Review

A trial court may disregard a jury=s verdict and render a JNOV if no evidence
supports the jury=s
findings, or if a directed verdict would have been proper.  Tiller v. McLure, 121 S.W.3d 709, 713
(Tex. 2003).  To determine whether a JNOV
is appropriate, we apply the standards that govern a legal sufficiency challenge.  See Tex. R. Civ. P. 301; City of
Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005); Wal‑Mart
Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003).








A legal sufficiency point must be sustained (1)
when there is a complete absence of a vital fact; (2) when rules of law or
evidence preclude according weight to the only evidence offered to prove a
vital fact; (3) when the evidence offered to prove a vital fact is no more than
a scintilla; or (4) when the evidence conclusively establishes the opposite of
the vital fact.  City of Keller,
168 S.W.3d at 810.  Under the legal
sufficiency standard, we must credit evidence that supports the judgment if
reasonable jurors could, and we must disregard contrary evidence unless
reasonable jurors could not.  See id. at
827.  If the evidence falls within the
zone of reasonable disagreement, we may not invade the fact‑finding role
of the jurors, who alone determine the credibility of the witnesses, the weight
to give their testimony, and whether to accept or reject all or any part of
that testimony.  See id. at
822.  Unless Athere is no favorable evidence@ to support the challenged finding or Aif contrary evidence renders supporting evidence
incompetent . . . or conclusively establishes the opposite@ of the finding, we must affirm.  See id. at 810B11.

B.  Onzo=s Motion for JNOV

Over Onzo=s objection that no evidence existed supporting a
negligence question (because the evidence established that his conduct was
intentional), the court=s
charge asked the jury in question number one whether Athe negligence, if any, of George Onzo
proximately caused the occurrence in question?@  The jury
answered, AYes.@  Onzo
moved for JNOV on the jury=s answer to question number one on two
grounds.  First, Onzo argued that he
intentionally and purposefully pushed Gavrel; he argued that the evidence
conclusively established that he Aran like a mad dog straight at@ Gavrel and that his conduct was not an accident,
it was with intent.  Second, Onzo
asserted that no evidence existed that his conduct was a proximate cause of any
damages to Gavrel.  Onzo argues on appeal
that the trial court correctly granted JNOV because the evidence conclusively
established that he acted Aintentionally,@ and no evidence exists supporting the jury=s finding that he was merely negligent.  








C.  JNOV
Proper on Negligence Issue








The fundamental difference between a claim for
negligence and an intentional tort is not whether the defendant intended the
action, but whether he intended the resulting injury.  Reed Tool Co. v. Copelin, 689 S.W.2d
404, 406 (Tex. 1985).  Intent generally
means that the actor desires to cause the consequences of his act or that he
believes the consequences are substantially certain to result from his act.  Id.  A plaintiff may not recover for an intentional
tort by proving only negligence.  See,
e.g., Doe v. Mobile Video Tapes, Inc., 43 S.W.3d 40, 54 (Tex. App.CCorpus Christi 2001, no pet.) (refusing to
recognize negligent invasion of privacy action); Childers v. A.S., 909
S.W.2d 282, 291 (Tex. App.CFort Worth 1995, no writ).  Likewise, a plaintiff may not recover in
negligence when he proves only an intentional tort.  See, e.g., Fulmer v. Rider, 635
S.W.2d 875, 881 (Tex. Civ. App.CTyler 1982, writ ref=d n.r.e.); Nat=l Union Fire Ins. Co. v. Bourn, 441 S.W.2d 592, 595 (Tex. Civ. App.CFort Worth 1969, writ ref=d n.r.e.); accord Carlson v. Trans
Union, LLC, 261 F. Supp. 2d 663, 665 (N.D. Tex. 2003).  That is, a plaintiff may not recast an
intentional tort as mere negligence.  Bourn,
441 S.W.2d at 596 (recognizing plaintiff could not recast intentional tort of
assault and battery as negligence to bring claim within coverage of homeowner=s policy); see also Fulmer, 635 S.W.2d at
882 (AThere is, properly speaking, no such thing as a
negligent assault.@)
(citing Prosser, The Law of Torts, ch. 2, sec. 10 at 40B41 (4th ed. 1971)).  An assault is an intentional tort; it occurs
when a person intentionally, knowingly, or recklessly causes bodily injury to
another.  See Tex. Penal Code Ann.
' 22.01 (Vernon Supp. 2009); Hogenson v.
Williams, 542 S.W.2d 456, 458 (Tex. Civ. App.CTexarkana 1976, no writ) (explaining the
definition of an assault is the same whether it is the subject of a criminal
prosecution or a civil suit for damages and applying the penal code definition
of assault).

Onzo did not testify at trial.  But Gavrel testified that Onzo had charged
him like a mad dog, had picked him up and had thrown him to the ground, and had
hit and kicked him as he lay on the ground. 
Gavrel testified that Onzo=s conduct was Aon purpose.@  Gavrel
testified, AWell,
when you hit somebody and knock them down and start hitting them, yeah, that=s an intentional act to me.@  Several
eyewitness testified that they had seen Onzo punching and kicking Gavrel as he
lay on the ground. 








We have carefully reviewed the evidence, and no
evidence exists that Onzo was merely negligent. 
See City of Keller, 168 S.W.3d at 823.  No evidence exists that Onzo did not intend
the consequences of his conduct in slamming Gavrel to the floor, punching
Gavrel, and kicking Gavrel.  See Reed
Tool Co., 689 S.W.2d at 406.  In
fact, as reflected in the record, the nature of the act of fighting, slamming
someone to the ground, and punching or kicking him is performed with an intent
to cause injuries; people engage in fights for the express purpose of causing
injury to their opponents.  Additionally,
the evidence presented at trial conclusively established that Onzo had
committed the intentional tort of assault on Gavrel.  See Tex. Penal Code Ann. ' 22.01; Hogenson, 542 S.W.2d at 458; see
also, e.g., Tex. Dep=t of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001) (holding, in
context of Tort Claims Act exclusion set forth in section 101.057, that
plaintiff=s
claim that officer was merely negligent in ignoring police procedure did not
obviate fact that officer=s
conduct was intentional; officer hit car window, aimed gun, blocked in car with
police cruiser, and fired at car=s tires); Medrano v. City of Pearsall, 989
S.W.2d 141, 144 (Tex. App.CSan Antonio 1999, no pet.) (holding officer=s beating of handcuffed driver was intentional
tort).  Thus, because there is a complete
absence of evidence that Onzo acted negligently and because the evidence at
trial, including the videotape of the event, conclusively establishes that Onzo
acted intentionally, the trial court properly granted JNOV for Onzo on the jury=s negligence finding.  See City of Keller, 168 S.W.3d at 827;
see also Tex. R. Civ. P. 301; Wal‑Mart Stores, Inc., 102
S.W.3d at 709.

We overrule Gavrel=s first issue. 

 

 








IV.  No-Evidence Summary Judgment

In his second issue, Gavrel claims that the trial
court erred by granting no-evidence summary judgment Mark Lieberman.[5]      

A.  Standard of Review

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential element
of the nonmovant=s
claim or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically
state the elements for which there is no evidence.  Id.; Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The
trial court must grant the motion unless the nonmovant produces summary
judgment evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) &
cmt.; Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006).  We review a
no‑evidence summary judgment for evidence that would enable reasonable
and fair‑minded jurors to differ in their conclusions.  Hamilton, 249 S.W.3d at 426 (citing City
of Keller, 168 S.W.3d at 822).  We
credit evidence favorable to the nonmovant if reasonable jurors could, and we
disregard evidence contrary to the nonmovant unless reasonable jurors could
not.  Timpte Indus., Inc., 286
S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582
(Tex. 2006)).  If the nonmovant brings
forward more than a scintilla of probative evidence that raises a genuine issue
of material fact, then a no-evidence summary judgment is not proper.  Smith v. O=Donnell,
288 S.W.3d 417, 424 (Tex. 2009). 

B.  No-Evidence Summary Judgment for Lieberman
Proper

Lieberman sought a no-evidence summary judgment
on the grounds that there was no evidence that Leiberman caused Gavrel to lose
his balance and fall, no evidence that Lieberman caused Gavrel to suffer
personal injuries, no evidence that Lieberman was negligent, and no evidence
that Gavrel suffered damages.  Gavrel
filed a response to Lieberman=s no-evidence summary judgment and attached
excerpts from his own deposition as summary judgment evidence.  Gavrel=s deposition excerpts indicate that he took his
papers from Mark Lieberman, and as he was walking away,








Mark
Lieberman pushed me from behind.  And out
of the corner of my eye, I saw George Onzo jump up from the table like a mad
dog and run straight at me, hit me, picked me up in the air, slammed me down on
the ground.  And when he slammed me down
on the ground, my right leg went numb. 
He started beating on me and beating on me . . . [Onzo=s nephew] came [running up and] he jumped up in
the air and . . . came down on my neck with his knee. Then they commenced to
keep kicking me and kicking me like a pack of wild animals.

Gavrel
also testified that Lieberman had Apoked him@ with a cane as he lay on the ground.  








Taking Gavrel=s summary judgment evidence as true, Gavrel has
nonetheless failed to come forward with any evidence that any of the injuries
he suffered were attributable to Mark Lieberman=s push, instead of attributable to the beating he
received from Onzo and Onzo=s nephew. 
On appeal, Gavrel claims that as a result of Lieberman=s push, he experiences post-traumatic stress
syndrome, but Gavrel failed to offer medical causation testimony on this
issue.  See In re R.O.C.,
131 S.W.3d 129, 134, 138 (Tex. App.CSan Antonio 2004, no pet.); see also Leitch v.
Hornsby, 935 S.W.2d 114, 118B19 (Tex. 1996) (requiring plaintiff to plead and
prove that defendant=s
negligence was proximate cause of injury); Smith v. Sw. Bell Tel. Co.,
101 S.W.3d 698, 702 (Tex. App.CFort Worth 2003, no pet.) (stating that causation
cannot be established by mere speculation). 
Because Gavrel failed to come forward with evidence that Lieberman=s push proximately caused any of the damages he
claims as a result of the incident, the trial court did not err by granting a
no-evidence summary judgment for Lieberman.

We overrule Gavrel=s second issue.

V.  Conclusion

Having overruled Gavrel=s first and second issues, we affirm the trial
court=s no-evidence summary judgment for Mark Lieberman
and the trial court=s
JNOV on the jury=s
negligence finding against George Onzo. 
We thus affirm the trial court=s judgment in all respects.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON and WALKER, JJ.

 

DELIVERED:
April 1, 2010











[1]See Tex. R. App. P. 47.4.





[2]Lauren Young and John Doe were never served with citation, and SGCA
and Lieberman were dismissed from this appeal. 
Consequently, they are not parties to this appeal. 





[3]The videotape was forwarded to this court, and we have reviewed it.





[4]Onzo contended at trial that the back surgery was not necessitated by
the events forming the basis of Gavrel=s suit, but by
a pre-existing condition. Onzo introduced into evidence a September 17, 2004 narrative
letter by a JPS doctor opining that Gavrel was fully disabled and that

 

Mr. Gavrel has a medical history significant for a traumatic spinal
cord injury which was obtained in 2001 when he was hit by a drunk driver.  As a result he had a surgical procedure to
have a fusion of his lumbar spine with metal hardware inserted.  In addition he has numerous complications as
a result of this spinal cord injury.  He
had attended physical therapy in an effort to rehabilitate his lower
extremities, however is unable to continue due to chronic severe muscle spasms
and sensory deficits due to his spinal cord injury.  In addition Mr. Gavrel has episodes of
falling due to gait disturbances caused by the muscle spasms which cause his
feet to invert and become unstable.  He
has recently had a fall which caused one of the metal screws in the spine to
break and already has compression fractures with loose bone fragments in his
spine (these findings are confirmed on x-rays and MRI).

 

 





[5]In his second issue, Gavrel also challenges the no-evidence summary
judgment granted for SGCA.  Gavrel and
SGCA subsequently filed a joint motion to dismiss this appeal as to SGCA, and
this court granted it. Consequently, the no-evidence summary judgment for SGCA
is final, and we do not address any challenges to it.  See Tex. R. App. P. 42.1(a)(2),
43.2(f);  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 192 (Tex. 2001).