**Larry SPACEK and Steve Ramsey, Appellants,**

v.

**Thea Clark CHARLES, as Next Friend of Joshua Urian Maxey, Appellee.**

**No. 14–94–01020–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 23, 1996.

Rehearing Overruled July 18, 1996.

---

mary judgment, but denied the coaches' motions for summary judgment, from which they now appeal.

Douglas M. Becker, Austin, for appellants.

Gerald E. Bourque, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## CORRECTED OPINION

YATES, Justice.

Appellants, Larry Spacek and Steve Ramsey, appeal an interlocutory order denying their motion for summary judgment, pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1996) which permits such an appeal on the ground of qualified immunity from suit. Appellants raise three points of error alleging the trial court erred in failing to grant their motion for summary judgment because their defense of qualified immunity defeats appellee's federal and state claims as a matter of law. We affirm as modified.

## BACKGROUND

Spacek and Ramsey, athletic coaches at New Waverly High School (collectively "the coaches"), called Joshua Maxey, a fourteen-year old junior high school student, into Spacek's office during school hours to talk to Maxey about improving his grades so that when he entered high school he could participate in sports. Spacek allegedly threatened to hang Maxey if he did not improve his grades. Maxey also claims that Spacek reached for a white extension cord, told him to look at the ceiling, and attempted to grab him. Ramsey allegedly retrieved what Maxey believed to be a handgun, placed Maxey in a headlock, put the weapon against Maxey's head, and threatened to kill him if his grades did not improve.

Thea Clark Charles, as next friend, brought suit against the coaches and the school district alleging both federal and state claims. Both the school district and the coaches filed motions and supplemental motions for summary judgment. The trial court granted the school district's motions for sum-

## STANDARD OF REVIEW

Generally, a denial of a motion for summary judgment is not a final judgment and is not appealable. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). However, the Texas Civil Practice and Remedies Code authorizes the appeal of an interlocutory order denying summary judgment where the movant asserts immunity on the basis of his employment with the State. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp. 1996). In their answer to the suit and their motions for summary judgment, appellants raised the affirmative defense of qualified immunity under both federal law and Section 21.912 of the Texas Education Code.

When a defendant moves for summary judgment, and bases his motion on an affirmative defense, he must prove all the elements of such defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Once the movant has established a right to summary judgment, the non-movant must expressly present any reasons seeking to avoid the movant's entitlement, and must support the reasons with summary judgment proof to establish a fact issue. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *Cummings v. HCA Health Serv. of Texas,* 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ).

The standards for reviewing summary judgment proof are as follows:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true; and

(3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

### QUALIFIED IMMUNITY FROM CLAIMS ASSERTED UNDER 42 U.S.C. § 1983

In their first and second points of error, the coaches contend the trial court erred in denying their motions for summary judgment because the defense of qualified immunity defeated Charles's federal claims under Section 1983 of 42 United States Code as a matter of law. The defense of qualified immunity shields government officials performing discretionary functions from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Whether an official has immunity for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action as assessed in light of the legal rules clearly established at the time of the action. *Id.* at 639, 107 S.Ct. at 3038–39. The constitutional right the official allegedly violated must be clearly established to the extent that a reasonable official would understand that what he was doing violates that right. *Id.* at 640, 107 S.Ct. at 3039.

Section 1983 imposes liability for violations of rights protected by the United States Constitution, not for violations of duties of care arising under tort law. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.1994) (op. on reh'g), *cert. denied*, —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979)). Therefore, the threshold inquiry in any Section 1983 claim is whether the plaintiff has been deprived of a right secured by the Constitution. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *see Taylor Indep. Sch. Dist.*, 15 F.3d at 450 (stating the first step in deciding whether defendants are entitled to qualified immunity is to determine whether Constitutional rights were violated).

In raising their qualified immunity defense, the coaches first contend that Charles failed to state a claim showing a violation of any right guaranteed by the United States Constitution at the time of the incident in 1990. In her Second Amended Original Petition, Charles asserted a civil rights cause of action against Spacek under Section 1983 alleging that Spacek's direct participation and his failure to intervene when Ramsey placed a gun against Maxey's head amounted to gross negligence, reckless disregard, deliberate indifference, and tacit authorization of constitutional violations under "the Fourth Amendment (seizure), Fifth Amendment (excessive use of force in restraining his liberty—substantive due process), Eighth Amendment (cruel and unusual punishment), and Fourteenth Amendment (equal protection)."[1] Because Charles did

---

1. In a footnote, the coaches assert that Charles's First Amended Original Petition was the only viable pleading before the trial court, and that this Court should disregard her Second Amended Original Petition. The Second Amended Original Petition changed Charles's Fourteenth Amendment complaint against Spacek from violations of procedural due process to equal protection. The record reflects that at the hearing on the motion for summary judgment, the coaches objected to the Second Amended Original Petition as untimely filed. When asked how the Second Amended Petition differed from the First, Charles stated that the Second Amended Petition alleged a postdeprivation violation whereas the First alleged a procedural due process deprivation. The coaches then told the trial judge that Charles added a claim against them, but that it was "not anything that matters for the purpose of this summary judgment motion." The trial court did not rule on the coaches' objection. A summary judgment proceeding is a trial within the meaning of Rule 63 of the Texas Rules of Civil Procedure, which provides that any amended pleadings offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the trial judge is obtained. Tex. R.Civ.P. 63; *Goswami v. Metropolitan Sav. and Loan*, 751 S.W.2d 487, 490 (Tex.1988); *Hubert v. Illinois State Assistance Com'n*, 867 S.W.2d 160, 162 n. 1 (Tex.App.—Houston [14th Dist.] 1993, no writ). Texas courts give a liberal interpretation to Rule 63. *Goswami*, 751 S.W.2d at 490. In the absence of a sufficient showing of surprise by the opposing party, the failure to obtain leave of court when filing a late pleading may be cured by the trial court's consideration of the amended pleading. *Id.* at 490; *Rose v. Kober Fin. Corp.*,

not assert a Section 1983 claim as to Ramsey, we address this contention as to Spacek only.

■ Spacek correctly asserts that the Eighth Amendment's prohibition on cruel and unusual punishment is inapplicable to disciplinary proceedings in the public school. *See Ingraham v. Wright,* 430 U.S. 651, 671, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977). Likewise, administering corporal punishment in the public school context does not constitute a Fourth Amendment search or seizure. *Fee v. Herndon,* 900 F.2d 804, 810 (5th Cir. 1990), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). Spacek, however, failed to address in his motion for summary judgment the equal protection claim under the Fourteenth Amendment, and the substantive due process claim under the Fifth Amendment, although he addressed substantive due process under the Fourteenth Amendment. An appellate court may only review the summary judgment record in light of the issues *expressly* raised and proof actually presented to the trial court by the parties in their *written motions and responses. Wooldridge v. Groos Nat. Bank,* 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ) (emphasis added).

■ Charles asserts that *Ingraham, Fee,* and other corporal punishment cases cited by Spacek are inapplicable because this is not a corporal punishment case, but a case of excessive force in disciplining a student. We disagree. Corporal punishment is but one form of discipline that the common law sanctions, provided that teachers impose reasonable, but not excessive force in disciplining a child. *Ingraham,* 430 U.S. at 661, 97 S.Ct. at 1407.

■ Spacek next asserts that Charles failed to state a constitutional claim because threatening to harm Maxey and pointing a gun at him are not constitutional violations. Mere words at common law, however violent, do not constitute a simple assault, and do not rise to a constitutional violation under Section 1983. *See Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2nd Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), *rejected on other grounds in Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). However, as discussed further under appellant's third point of error, the record reflects a fact issue regarding whether the coaches' actions went beyond mere words in disciplining Maxey.

■ We also find unpersuasive Spacek's argument that, because Maxey did not suffer a physical injury that was more than *de minimus,* his allegations of abuse do not rise to the level of a constitutional violation. Whether an injury is more than *de minimus* is determined within the context of contemporary standards of decency, and not by the significance of the injury. *See Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992). Furthermore, actual physical injury is not required to maintain a constitutional claim. *See, Jefferson v. Ysleta Indep. Sch. Dist.,* 817 F.2d 303, 304 (5th Cir.1987) (rejecting a defense of qualified immunity in the public school context where the complainant alleged injuries of humiliation, mental anguish, and inability to study after being tied to a chair for an entire school day as an educational exercise).

Because Charles failed to assert constitutional claims under the Fourth and Eighth Amendments, Spacek successfully defeated the threshold issue in asserting his qualified immunity defense. Therefore, Spacek, in his individual and supervisory capacities, is protected from liability by the defense of qualified immunity as to these claims. The trial

---

874 S.W.2d 358, 361 (Tex.App.—Houston [14th Dist.] 1994, no writ). Where the record is silent of any basis to conclude that the amended petition was not considered by the trial court and there is no showing of surprise or prejudice, this Court presumes the trial court granted leave to amend. *Lee v. Key West Towers, Inc.,* 783 S.W.2d 586, 588 (Tex.1990). The coaches in this instance made no showing of surprise or prejudice, and the trial judge did not indicate whether he considered the amended petition in denying summary judgment. Therefore, we presume the trial court considered the Second Amended Original Petition, and we consider it as well on appeal. An appellate court may only review the summary judgment record in light of the issues expressly raised and proof actually presented to the trial court by the parties in their written motions and responses. *Wooldridge v. Groos Nat. Bank,* 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ).

court erred in denying his motion for summary judgment as to the Fourth and Eighth Amendment claims. However, because Spacek failed to address Charles's Fifth Amendment substantive due process claim and the Fourteenth Amendment equal protection claim, he failed to meet his burden of proving immunity as to these claims. The trial court did not err in denying summary judgment on the basis of qualified immunity as to the Fifth and Fourteenth Amendment claims. Therefore, we overrule in part, and sustain in part, the coaches' first and second points of error.

## QUALIFIED IMMUNITY UNDER THE TEXAS EDUCATION CODE

 In their third point of error, Spacek and Ramsey submit the trial court erred in denying their motion for summary judgment as to Charles' state claims because they established as a matter of law the defense of qualified immunity under Section 21.912 of the Texas Education Code. Section 21.912 states the following in pertinent part:

> No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX.EDUC.CODE ANN. § 21.912 (Vernon 1987). In other words, a professional school employee is not personally liable for acts performed within the scope of his employment which involve the exercise of judgment or discretion, unless in disciplining a student he uses excessive force or his negligence results in bodily injury to the student. *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex.1978). The exception to immunity exists only where school officials engage in disciplining a student. *LeLeaux v. Hamshire–Fannett Sch. Dist.*, 835 S.W.2d 49, 53 n. 2 (Tex.1992). Discipline, in the school context, generally involves some form of punishment. *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex.1987). Section 21.912 suggests two types of discipline, namely, force such as corporal punishment, which involves physically striking or touching a student, and negligence, which requires some action on the part of the student such as running laps. *Diggs v. Bales*, 667 S.W.2d 916, 918 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

 The coaches contend the summary judgment evidence conclusively establishes that their conduct in disciplining Maxey falls within the immunity provisions of Section 21.912. The coaches maintain that, as teachers, they were acting within the scope of their employment and exercising their discretion and judgment in encouraging Maxey to improve his grades. The coaches further assert that none of the exceptions to immunity within Section 29.912 apply to the facts of this case because they did not use excessive force in disciplining Maxey. The coaches contend that Charles does not allege the use of excessive force in her petition, but merely alleges the coaches threatened to use force. They further maintain that Section 29.912 immunity is inapplicable only if teachers apply excessive force during discipline, and that Charles only alleges they were liable for excessive discipline. We disagree. Charles's Second Amended Original Petition expressly alleges that "Defendants RAMSEY and SPACEK, as professional employees of Defendant DISTRICT used excessive force in the discipline of Plaintiff MAXEY." Moreover, the record reflects that a fact issue exists as to whether the coaches used excessive force in disciplining Maxey. In his affidavit attached to the motion for summary judgment, Spacek stated that, "I never threatened to hang him and Defendant Ramsey, who was present during most of this encounter, which lasted a few minutes, never threatened to shoot him. . . . I did not discipline Plaintiff. I used no force upon him. He suffered no bodily injury in my presence." Likewise, Ramsey stated in his affidavit, "I never threatened Plaintiff and I did not hear Defendant Spacek threaten him. . . . I observed no discipline of any kind of Plaintiff during this incident. He was not physically harmed in any way."

To controvert the coaches' statements Charles, in her response to the motion for summary judgment, attached excerpts of testimony given at a school board meeting, including an excerpt of Maxey's testimony recounting the disciplinary measures the coaches allegedly inflicted upon him. She also attached an excerpt of the testimony of Superintendent Alvin Davis, who spoke with the coaches soon after he became aware of the incident. Superintendent Davis said Spacek admitted reaching for the extension cord, but claimed that he was "just playing" with Maxey and trying to establish a rapport with him. An excerpt from Spacek's testimony, also attached to the motion, reflects that Spacek portrayed he and Maxey as "laughing it up" while in his office. In testifying before the school board, Spacek said he playfully responded to Maxey's dare that he couldn't catch him by picking up the extension cord and saying, "[Y]es, I will catch you and I will tie you up and we will whip you." In stark contrast to Ramsey's affidavit is his response to an interrogatory, which is also attached to Charles's response. In his answer to question number seven, Ramsey admits he produced and displayed a starter pistol in Spacek's office at the time of the alleged incident.

 Although the legislature did not define excessive force in the context of Section 21.912, the legislature has authorized the use of force by an educator if he is entrusted with the care, supervision, or administration of the person for a special purpose, and when and to the degree the educator reasonably believes force is necessary to further the special purpose or to maintain discipline in a group. TEX.PENAL CODE ANN. § 9.62 (Vernon 1994). Section 9.62 is generally expressive of the common law majority rule that public school teachers standing in *loco parentis* may use reasonable force to discipline their charges. *Hogenson v. Williams*, 542 S.W.2d 456, 459 (Tex.Civ.App.—Texarkana 1976, no writ). The Restatement of Torts, Second Edition, articulates the rule in more detail. It provides the following:

> In determining whether force or confinement is reasonable for the control, train-

ing, or education of a child, the following facts are to be considered:

> (a) whether the actor is a parent;
>
> (b) the age, sex, and physical and mental condition of the child;
>
> (c) the nature of his offense and his motive;
>
> (d) the influence of his example upon other children of the same family or group;
>
> (e) whether the force or confinement is reasonably necessary and appropriate to compel obedience to a proper command;
>
> (f) whether it is disproportionate to the offense, unnecessarily degrading, or is likely to cause serious or permanent harm.

> Force applied for any purpose other than the proper training or education of the child or for the preservation of discipline, as judged by the above standards, is not privileged.

RESTATEMENT (SECOND) OF TORTS §§ 150, 151 (1965). *See also Hogenson*, 542 S.W.2d at 459.

 Consistent with the public policy of Texas to give teachers the necessary support to enable them to efficiently discharge their responsibilities, teachers may use reasonable force not only to punish wrongful behavior, but also to enforce compliance with instructional commands. *Hogenson*, 542 S.W.2d at 460. However, "a teacher may not use physical violence against a child merely because the child is unable or fails to perform, either academically or athletically, at a desired level of ability, even though the teacher considers such violence to be 'instruction and encouragement.'" *Id.*

Although the facts of this case do not involve paddling or spanking or other physical force typically associated with corporal punishment, allegations that a teacher restrained a child in a headlock and placed a weapon against his head, and that another teacher attempted to grab the student to hang him with an extension cord, undoubtedly raise a question of excessive force. Because a fact question exists as to whether appellants used excessive force in disciplining Maxey for his poor grades, appellants fail to

show they are entitled to the defense of qualified immunity under the Texas Education Code as a matter of law. As a result, we do not reach the coaches' final argument that Charles failed to assert in her petition or to submit proof that they were negligent in carrying out some disciplinary act that resulted in bodily injury to Maxey. The trial court did not err in denying summary judgment to Spacek and Ramsey on the basis of their Section 29.912 immunity defense. Point of error three is overruled.

We affirm that portion of the judgment of the court below denying appellants' motion for summary judgment on the basis of qualified immunity from claims of Fifth and Fourteenth Amendment violations under Section 1983 of 42 United States Code, and on the basis of qualified immunity under the Texas Education Code. We modify the judgment in favor of appellants on the basis of qualified immunity from claims of Fourth and Eighth Amendment violations under Section 1983.