OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 15, 2002

The Honorable Kenneth Armbrister
Chair, Committee on Criminal Justice
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JC-0491

Re: Validity of a school district policy regarding corporal punishment and physical restraint of students (RQ-0459-JC)

Dear Senator Armbrister:

You have asked the opinion of this office regarding the validity of a particular school district's policy on corporal punishment and physical restraint.[1] While, as explained below, there may be circumstances with regard to students receiving special education services in which this policy may be subject to some restriction, as a general matter the policy statement in question appears to us to be within the school district's authority to adopt necessary rules "for the safety and welfare of students, employees, and property." TEX. EDUC. CODE ANN. § 37.102(a) (Vernon 1996).

The particular policy about which you are concerned is that of the Arlington Independent School District. The two areas that are of interest are the policy statements on corporal punishment and physical restraint:

> CORPORAL PUNISHMENT The Board prohibits the use of corporal punishment in the District. Students shall not be spanked, paddled, or otherwise physically disciplined for violations of the Student Code of Conduct.
>
> PHYSICAL RESTRAINT Any District employee may, within the scope of the employee's duties, use and apply physical restraint to a student if the employee reasonably believes restraint is necessary in order to:
>
> 1. Protect a person, including the person using physical restraint, from physical injury.

---

[1] *See* Letter from Honorable Kenneth Armbrister, Chair, Committee on Criminal Justice, Texas State Senate, to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General (Oct. 23, 2001) [hereinafter RQ-0459]; Letter and attachments accompanying RQ-0459, from Frank Hill, Hill Gilstrap, Attorneys at Law, to Honorable Chris Harris, Texas State Senate (May 1, 2001) [hereinafter RQ-0459 Attachments] (all documents on file with Opinion Committee).

2. Obtain possession of a weapon or other dangerous object.

3. Protect property from serious damage.

4. Remove a student refusing a lawful command of a school employee from a specific location, including a classroom or other school property, in order to restore order or to impose disciplinary measures.

5. Restrain an irrational student.

See RQ-0459 Attachments, *supra* note 1 (Arlington ISD Disciplinary Policy). As we understand it, the school district requests an opinion "regarding the legality with respect to state law" of this policy. *See id.* (Frank Hill Letter of May 1, 2001).

Matters of student discipline under Texas law are, generally speaking, within the authority of local school boards. *See Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 659 (Tex. App.–Amarillo 2000, no pet.) ("[S]chool districts not only have the obligation but also a right or privilege to control and discipline their students. Both are part and parcel of operating schools." (citation omitted)). "An independent school district is governed by a board of trustees who, as a body corporate, shall oversee the management of the district." TEX. EDUC. CODE ANN. § 11.051(a) (Vernon 1996). Each school district is required by statute to "adopt a student code of conduct for the district." *Id.* § 37.001(a) (Vernon Supp. 2002). Further, boards "may adopt rules for the safety and welfare of students, employees, and property." *Id.* § 37.102(a) (Vernon 1996).

As it appears from correspondence attached to your request letter that the Arlington school district may be considering an amendment of its policy to permit corporal punishment, we note that federal courts, and in particular the United States Court of Appeals for the Fifth Circuit, have given wide leeway to local authorities with respect to the policy decision on whether or not to permit the imposition of corporal punishment as a matter of student discipline. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875 (5th Cir. 2000). There are, it should be noted, relevant Texas statutory provisions that may limit the actual application of corporal punishment. The Penal Code, for example, provides a defense for the exercise of force against a person "if the actor is entrusted with the care, supervision, or administration for a special purpose[,] and . . . the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group." TEX. PEN. CODE ANN. § 9.62 (Vernon 1994). Similarly, Education Code section 22.051 grants immunity from liability to professional employees of school districts for acts within the scope of their duties that involve the exercise of judgment, "except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students." TEX. EDUC. CODE ANN. § 22.051(a) (Vernon 1996). What constitutes "reasonable" or "excessive" force in any given situation is dependent on the facts and circumstances. *See, e.g., Spacek v. Charles*, 928 S.W.2d 88, 93 (Tex. App.–Houston [14th Dist.] 1996, writ dism'd w.o.j.). Accordingly, such questions would be beyond the scope of an attorney general opinion. *See* Tex. Atty. Gen. LO-94-087, at 2 ("Determining whether the requisite intent, knowledge, or purpose are

present would . . . require taking of evidence and finding of fact that cannot be performed in the opinion process."). Given that the Arlington policy at present forbids corporal punishment, such matters are not now at issue.

With respect to the Arlington policy on physical restraint, while as a general matter it is within the district's authority under section 37.102 of the Education Code to adopt necessary safety rules, we note that with respect to special education students, the policy must be implemented in light of certain other provisions of state and federal law.

First, we note that, pursuant to section 37.0021(d) of the Education Code, the Commissioner of Education is required to "adopt procedures for the use of restraint and time-out by a school district employee . . . in the case of a student receiving special education services." TEX. EDUC. CODE ANN. § 37.0021(d) (Vernon Supp. 2002). Based on that statutory authorization, the Commissioner, on December 21, 2001, proposed an addition to the Texas Administrative Code, which is to be codified at title 19 of the Texas Administrative Code, section 89.1053. *See* 26 Tex. Reg. 10474 (2002). That rule has not yet been adopted and is, accordingly, not yet in effect, but is included here for your guidance when, as, and if it is adopted. Under that proposed rule, school employees may use restraint on special education students only in an emergency. *See id.* (to be codified at 19 TEX. ADMIN. CODE § 89.1053(c)). "Restraint," for the purposes of the rule, "means the use of physical force or a mechanical device to restrict the free movement of all or a portion of the student's body." *Id.* (to be codified at 19 TEX. ADMIN. CODE § 89.1053(b)(2)). "Emergency" means:

a situation in which a student's behavior poses a threat of:

(A)   imminent, serious physical harm to the student or others;
or

(B)   imminent, serious property destruction that would constitute a felony under Texas Penal Code § 28.03.

*Id.* (to be codified at 19 TEX. ADMIN. CODE § 89.1053(b)). For the purposes of section 28.03 of the Penal Code, with some limited exceptions, destruction of property constitutes a felony only if the pecuniary loss involved is equal to or greater than $1,500. *See* TEX. PEN. CODE ANN. § 28.03(b)(4) (Vernon Supp. 2002). In the event of the proposed rule's adoption, the Arlington school district should consider its restraint policy in light of the rule.

Physical restraint must, under the proposed rule, "be limited to the use of such reasonable force as is necessary to address the emergency." 26 Tex. Reg. 10474 (2001) (to be codified at 19 TEX. ADMIN. CODE § 89.1053(c)(1)). When the emergency ceases to exist, it must be discontinued. *Id.* (to be codified 19 TEX. ADMIN. CODE § 89.1053(c)(2)). It must be implemented "in such a way as to protect the health and safety of the student," and must not "deprive the student of basic human necessities." *Id.* (to be codified at 19 TEX. ADMIN. CODE § 89.1053(c)(3), (4)).

The imposition of restraint on special education students must be consistent with the rules of the Commissioner of Education promulgated under section 37.0021, once those rules are formally adopted. *See* TEX. EDUC. CODE ANN. § 37.0021(d) (Vernon Supp. 2002). Further, one must consider the possible implications of the Federal Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. §§ 1400-1462 (1994 & Supp. I 1995 - Supp. V 1999). Pursuant to the IDEA, students with disabilities have an "individualized education program" ("IEP"), a written statement that includes, among other things, a statement of the student's level of educational performance, a statement of "measurable annual goals," a statement of the services provided to the student, an explanation of the extent to which the student will not participate in regular classes, and a statement of what modifications in the administration of assessments of achievement may be necessary for the student to participate. *See id.* § 1414. In some instances, an IEP includes a "behavioral intervention plan," which, as we are informed by the general counsel of the Texas Education Agency, may "address[] specific disciplinary techniques that may or may not be used."[2] Any such behavioral intervention plan would have to be taken into account in dealing with a particular student.

With the caveat that disciplinary matters regarding special education students must be consistent with federal law and with such rules as may be promulgated by the Commissioner of Education under section 37.0021 of the Education Code, the policy statement of the Arlington Independent School District presented to us is generally within the board of trustees' authority to manage the district under Education Code section 11.051(a) and its authority to adopt rules for the safety and welfare of students, employees, and property under Education Code section 37.102.

---

[2]Letter from David A. Anderson, General Counsel, Texas Education Agency, to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General at 2 n.9 (Dec. 4, 2001) (on file with Opinion Committee).

**S U M M A R Y**

The policy statement of the Arlington Independent School District regarding corporal punishment and physical restraint is generally within the district's authority to manage the district and to adopt rules for the safety and welfare of students, employees, and property. Disciplinary matters with respect to students receiving special education services in particular instances may implicate rules promulgated by the Commissioner of Education under section 37.0021 of the Texas Education Code, or the Federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1462 (1994 & Supp. I 1995 - Supp. V 1999).

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee