# NO. 12-22-00142-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CANDI SCOTT, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF L.W.S. AND JOHN SCOTT, APPELLANTS* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *LARRY TEEL AND LISA TEEL, APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Candi Jo Scott, Individually and on Behalf of the Estate of L.W.S. and John Scott (the Scotts) appeal the trial court's grant of summary judgment in favor of Larry and Lisa Teel. In two issues, the Scotts urge the trial court abused its discretion. We affirm.

### BACKGROUND

On June 21, 2018, L.W.S. and his friend, L.R.A. were operating a side-by-side utility task vehicle (UTV) owned by L.R.A.'s parents, Raymond and Teresa Burns. The children began riding the UTV on the Burns's property and traveled onto the Teels's adjacent property where they were involved in an accident that killed L.W.S. Candi Jo Scott and John Scott are L.W.S.'s parents.

The Scotts filed suit against Loyal Teel on February 7, 2020, believing he owned the property where the accident occurred.[1] According to the Scotts, the Burnses told them that Loyal owned the property. For several months, Loyal failed to allege that he was not the property

---

[1] The Scotts also filed suit against the Canton Trail Riders Association and its board of directors for mishandling and misrepresenting themselves during an alleged fundraising campaign. Those defendants are not parties to this appeal.

owner. He failed to name Larry or Lisa as interested parties, persons with knowledge of relevant facts, or potential parties in his answers or discovery responses. The statute of limitations expired on September 15, 2020.[2]

On December 15, 2020, Loyal filed a motion for summary judgment that included an affidavit from Teresa Burns confirming Loyal was not the owner of the property on the day of the accident. At a December 16 mediation, Loyal confirmed he was not the owner. He also supplemented his disclosure responses and listed Larry and Lisa as persons with knowledge, potential parties, and potential responsible third parties. On December 17, the Scotts amended their petition to include Larry, Lisa, and the Teel Loyal Living Trust.[3] In January, the Scotts again amended their petition to assert that Larry and Lisa are liable for premises liability, attractive nuisance, negligence, and gross negligence. They alleged that Loyal is liable for premises liability, attractive nuisance, negligence, gross negligence, negligent misrepresentation, and fraud by nondisclosure. And they asserted causes of action for civil conspiracy and joint enterprise against all defendants.

Larry and Lisa filed a traditional and no evidence motion for summary judgment, in which they asserted that the Scotts' suit against them is barred by the statute of limitations. In support of their motion, Larry and Lisa provided affidavits stating they purchased the property via warranty deed on April 11, 2018. And in the no-evidence portion of their motion, they argued the Scotts have no evidence of their causes of action, including civil conspiracy and joint enterprise. In response, along with claiming fact issues preclude summary judgment on each cause of action, the Scotts urged the trial court had the discretion to extend the statute of limitations under the Supreme Court's Emergency Orders. They further urged that Larry and Lisa did not negate their fraud claim, which would toll limitations. The Scotts attached a copy of the warranty deed to their response. The trial court found that the causes of action were barred by the statute of limitations and dismissed all causes of action against Larry and Lisa with prejudice. Larry and Lisa filed a motion to sever, which the trial court granted. This appeal followed.

---

[2] The statute of limitations would normally expire two years after the date of the accident, June 21, 2020. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2017). However, the Texas Supreme Court's twenty-first emergency order moved all deadlines from March 13, 2020 through September 1, 2020 to September 15, 2020. *See* ***Twenty-First Emergency Order Regarding the Covid-19 State of Disaster***, 609 S.W.3d 128, 129 (Tex. 2020).

[3] The claims against the Canton Trail Riders Association and its board of directors were nonsuited in this petition.

In their first issue, the Scotts contend the trial court erred in granting summary judgment based on the statute of limitations. Specifically, they urge that Loyal fraudulently concealed the identities of the property owners. Therefore, they contend the trial court should not have enforced the statute of limitations. Larry and Lisa argue that their identities as owners of the property was public record, therefore, the Scotts had constructive notice.

**Standard of Review and Applicable Law**

We review a trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). For a traditional summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). A defendant moving for summary judgment on an affirmative defense must conclusively establish the defense. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833–34 (Tex. 2018) (per curiam).

A suit for an action for injury resulting in death must be brought no later than two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2017). "Ordinarily, the legal injury rule dictates that accrual occurs when 'a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.'" *Pasko*, 544 S.W.3d at 834 (quoting *Sw. Energy Prod. Co. v. Berry–Helfand*, 491 S.W.3d 699, 721 (Tex. 2016)); *see also Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) ("Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy."). When a cause of action accrues is typically a question of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

There are "two doctrines that may delay accrual or toll limitations: (1) the discovery rule and (2) fraudulent concealment." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015). "The discovery rule applies on a categorical basis to injuries that are both inherently undiscoverable and objectively verifiable." *Id.* "When applicable, the discovery rule 'defers the accrual of the cause of action until the injury was or could have been reasonably discovered.'" *Id.* (quoting

*Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927, 929–30 (Tex. 2011)). For the discovery rule to apply, "the nature of the injury incurred [must be] inherently undiscoverable and the evidence of injury [must be] objectively verifiable." *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* at 7.

Fraudulent concealment, on the other hand, "is a fact-specific equitable doctrine that tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence." *Valdez*, 465 S.W.3d at 229. To constitute fraudulent concealment, the "plaintiff must establish an underlying wrong, and that (1) the defendant actually knew the plaintiff was in fact wronged, and (2) concealed that fact to deceive the plaintiff." *Vanderpool v. Vanderpool*, 442 S.W.3d 756, 768 (Tex. App.—Tyler 2014, no pet.). When a defendant has fraudulently concealed the facts forming the basis of the plaintiff's claim, limitations does not begin to run until the claimant, using reasonable diligence, discovered or should have discovered the injury. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999).

**Analysis**

On appeal, the Scotts contend they presented more than a scintilla of evidence that Loyal committed fraud in both his pleadings and discovery responses to warrant tolling the statute of limitations based on fraudulent concealment. They also urge that there is a genuine issue of material fact as to when they should have discovered Larry and Lisa are the property owners.

In support of their arguments, the Scotts point to evidence that Loyal failed to disclose he was not the owner of the property until after the statute of limitations passed. He did not assert the defense in his original answer, amended answer, disclosure responses, or the third-party petition. He had not asserted the defense on September 29, 2020, when he scheduled mediation for December 16. On September 15, Teresa Burns signed an affidavit that Loyal was not the owner, which Loyal subsequently attached to his motion for summary judgment.

However, the Scotts ignore the fact that Lisa and Larry purchased the property via warranty deed in April 2018, which was recorded in the public property records. The Scotts attached a file-stamped copy of the deed from the Van Zandt County property records to their response to the motion for summary judgment. The deed lists the grantees as Larry E. Teel and Lisa L. Teel of Pittsburgh, Pennsylvania and is dated April 11, 2018. As a result, Larry and Lisa

4

urge the Scotts had constructive notice of their ownership and the statute of limitations should not be tolled.[4]

An instrument that is properly recorded in the correct county is notice to all persons of the existence of the instrument. TEX. PROP. CODE ANN. § 13.002 (West 2014). When a plaintiff can discover the nature of its injury through reasonable diligence, the statute of limitations does not toll. *See, e.g., Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001) (ruling that plaintiffs' injury was "the type that could have been discovered with reasonable diligence" and "therefore the discovery rule does not apply to defer accrual of their claims."); *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998) ("As owners of an interest in the mineral estate, the Neels had some obligation to exercise reasonable diligence in protecting their interests. This includes exercising reasonable diligence in determining whether adjoining operators have inflicted damage."). Because the warranty deed was filed in the public records, a simple search would have demonstrated who owned the property. The Scotts' counsel's knowledge of this is evidenced by the fact that when John was asked in his deposition whether they checked online to find the proper owner of the property before filing the lawsuit, his counsel instructed him not to answer the question. Had the Scotts exercised reasonable diligence, they would have discovered the proper defendant, regardless of any purported fraud by Loyal. *See KPMG*, 988 S.W.2d at 750. Therefore, the trial court did not err in granting summary judgment based on the statute of limitations. We overrule the Scotts' first issue.[5]

---

[4] Larry and Lisa also assert that the Scotts had actual notice of their ownership as early as July 2018, citing a search result in the Van Zandt County Appraisal District records that is attached to Loyal's motion for summary judgment. However, this document was not attached to either Larry's and Lisa's motion or the Scotts' response. Therefore, we do not consider it. *See Spacek v. Charles*, 928 S.W.2d 88, 92-93 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd) (appellate court may only review summary judgment record in light of issues expressly raised and proof actually presented to trial court by parties in their written motions and responses); TEX. R. CIV. P. 166a(c), (d).

[5] The trial court's order also dismissed the Scotts' causes of action of civil conspiracy and joint enterprise against Larry and Lisa. Civil conspiracy is a theory of derivative liability and shares a limitations period with that of the underlying tort. *Agar Corp., Inc. v. Electro Circuits, Int'l, LLC*, 580 S.W.3d 136, 142-43 (Tex. 2019). The Scotts rely on Loyal's purported fraudulent concealment as the basis for this claim, but as previously discussed, the statute of limitations was not tolled with respect to this claim. And joint enterprise is another derivative liability theory that can be used to circumvent a statute of limitations; however, there must be evidence supporting this theory. *See Burchinal v. PJ Trailers-Seminole Mgmt. Co., LLC*, 372 S.W.3d 200, 215-16 (Tex. App.—Texarkana 2012, no pet.). But the Scotts provided less than a scintilla of evidence to support the elements of joint enterprise, particularly with respect to an agreement and common purpose among the members of the group. *See id.* (the elements essential to a joint enterprise are: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among

In their second issue, the Scotts argue the trial court abused its discretion by refusing to extend limitations for their claims. They contend that the trial court had authority to extend limitations under the Texas Supreme Court's emergency orders concerning the COVID pandemic. In support of their argument, the Scotts again rely on their fraud allegations against Loyal.

The parties both reference the twenty-sixth and twenty-ninth emergency orders. Both orders state that "all courts in Texas may in any case, civil or criminal . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule or order . . ." *Twenty-Sixth Emergency Order Regarding the Covid-19 State of Disaster*, 629 S.W.3d 135, 135 (Tex. 2020); *Twenty-Ninth Emergency Order Regarding the Covid-19 State of Disaster*, 629 S.W.3d 863, 863 (Tex. 2020). The twenty-sixth order allowed courts to extend deadlines to December 1, 2020, while the twenty-ninth allowed courts to extend deadlines until February 1, 2021. *See Twenty-Sixth Emergency Order*, 609 S.W.3d at 135; *Twenty-Ninth Emergency Order*, 609 S.W.3d at 863. These orders were repeatedly amended throughout the pandemic to allow courts to extend deadlines. The most recent order with identical language was issued on July 19, 2021, and allowed Texas courts to extend deadlines until October 1, 2021. *See Fortieth Emergency Order Regarding the Covid-19 State of Disaster*, 629 S.W.3d 911, 912 (Tex. 2021). Beginning with the forty-third emergency order issued in September 2021, the discretionary extensions were limited to justice and municipal courts and applied to trial related deadlines and procedures, as well as deadlines and procedures for pretrial hearings. *Forty-Third Emergency Order Regarding Covid-19 State of Disaster*, 629 S.W.3d 929, 929-30 (Tex. 2021).

The twenty-ninth order was in effect when the Scotts sued Larry and Lisa. *Twenty-Ninth Emergency Order*, 629 S.W.3d at 863. The forty-third order was in effect when Larry and Lisa filed their motion for summary judgment. *Forty-Third Emergency Order*, 629 S.W.3d at 930. The forty-ninth order was in effect at the time summary judgment was granted and did not provide for extensions. *See Forty-Ninth Emergency Order Regarding Covid-19 State of Disaster*, No. 22-9022, 2022 WL 1161548 (Tex. March 22, 2022).

---

the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control)

However, even were we to assume the trial court had the discretion to extend the statute of limitations under a previous emergency order, we decline to hold the trial court abused its discretion. Under the terms of the order, a trial court "may" modify or suspend any deadline. *See Twenty-Ninth Emergency Order,* 629 S.W.3d at 863. In general, "may" is a permissive term that gives rise to discretionary authority or grants permission or a power. *See* TEX. GOV'T CODE ANN. § 311.016(1) (West 2013); *Skeels v. Suder*, No. 02-18-00112-CV, 2021 WL 4785782, at *8 (Tex. App.—Fort Worth Oct. 14, 2021, no pet.) (mem. op. on reh'g). Consistent with the use of this permissive term, Texas courts have interpreted the emergency orders as generally permitting trial courts to extend deadlines rather than requiring them to do so. *See Kim v. Ramos*, 632 S.W.3d 258, 270 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (collecting cases). That is, the order vests trial courts with "broad discretion to modify or suspend 'any deadlines and procedures' prescribed by statute."

The terms of the Twenty-Ninth Order did not command the trial court to suspend the limitations period but left that decision to the trial court's discretion. *See Twenty-Ninth Emergency Order,* 629 S.W.3d at 863. As discussed above, the Scotts failed to file suit against the proper party because they failed to exercise reasonable due diligence. The Scotts have not argued that the pandemic interfered with their attempts to locate the proper owners of the property at issue. Accordingly, the trial court did not abuse its discretion in declining to extend the statute of limitations under the applicable emergency orders. We overrule the Scotts' second issue.

### DISPOSITION

Having overruled the Scotts' first and second issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2023**

**NO. 12-22-00142-CV**

**CANDI SCOTT, INDIVIDUALLY AND ON BEHALF OF THE
ESTATE OF L.W.S. AND JOHN SCOTT,**
Appellants
V.
**LARRY TEEL AND LISA TEEL,**
Appellees

---

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. 20-00058A & 22-00059)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against Appellants, **CANDI SCOTT INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF L.W.S. AND JOHN SCOTT**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*